## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

LEE R. RICHARDS,

                Plaintiff,

    vs.

ROGER HUGHES et al.,

                Defendants.

A05-0004 CV (TMB)

**ORDER**
**DEFENDANTS MOTION TO**
**STRIKE AND PLAINTIFF'S**
**MOTIONS TO AMEND**

(Docket Nos. 37, 39, 50 and 56)

       The court has now before it a motion by the defendants to strike the plaintiff's, Mr. Richards, motion to amend complaint pursuant to Fed. R. Civ. P. 8(a). (Docket Nos. 37 and 39). Said motion is opposed by Mr. Richards at docket Nos 51, 55 and 58. Replies were filed by the defendants at docket Nos. 53, 60 and 62. Mr. Richards also filed two motions to amend pursuant to Fed. R. Civ. P. 15 at docket Nos. 50 and 56. Defendants filed opposition thereto at docket Nos. 54 and 59. Mr. Richards also filed a brief at docket No. 57 which the court can only characterize as a motion for clarification. The defendants responded at docket No. 61. The motion is of no import. Additionally, Mr. Richards mailed a letter to the court which states as follows:

       Mr. Burgess Sir:

       On the forth day of February I was Mailed this Civil Docket for the case that I have been working on, and believe that this Case was referred to you through the HONORABLE Judge John W. Sedwick, at this time I would like for you to let me know

1

what is in store for me and what I am required to do.  Or is it possible for you to let me know what is required for me to do.  As you may have guessed I am not a Lawyer or even versed in the Law.  Any help that you can give me I would sure appreciate.
                Thank you for you time and I will understand if I don't here from you, again thank you for your time.

                                        [Mr. Richard's signature]
                                        Lee R. Richards
                                        Palmer Correctional Ct.
                                        Box 919
                                        Palmer, Alaska 99645-0919


Mr. Richards is hereby instructed that such *ex parte* (in secret) communications with the court are inappropriate.  In the future he must file all matters and serve them upon counsel for the defendants.

        As for the substance of the motions, they are readily addressed.  The defendants ground their motion to strike on a technical error by Richards (a pro se litigant).  Specifically, they complain that he moved pursuant to Fed. R. Civ. P. 8(a) which does not provide for amending complaints.  This is correct.  As for Mr. Richards subsequent attempts to correct this mistake by moving to amend pursuant to Rule 15 and incorporating the previous motion to amend by reference, the defendants oppose them on the grounds that: (1) "Local Rule 15.1" mandates that a party must attach the signed original and one copy to the motion, and that "Local Rule" 15.(2)" prohibits incorporating a pleading by reference.[1]  This is also correct.  However, there are extenuating circumstances in this instance, and the court will waive these technical requirements for this pro se litigant.  In the future, however, Mr. Richards will be expected to comply with the Federal Rules of Civil Procedure and the local rules for the United States District Court District Of Alaska.  The defendants also contend that the

---

        [1] For the edification of counsel for the defendants she has used the proper format in citing the local rules.  In this instance, for example, the rule should have been cited as: D.Ak.LR.15.

proposed amended complaint is confusing. They can challenge the substance of such complaint in other motion practice.

The Ninth Circuit recognizes a liberal policy of freely granting leave to amend. *DCD Programs, Ltd. V. Leighton,* 833 F.2d 183, 186 (9th Cir. 1987). Among the factors to be considered are: (1) whether the moving party has acted in bad faith; (2) whether the amendment would delay the proceedings unduly; (3) whether the amendment would prejudice the opposing party; and (4) whether the amendment would be futile. *Genetech v. Abbott Lab.*, 127 F.R.D. 529, 530-531 (N.D. Ca. 1989). This case has already suffered some delay as a result of the court's unsuccessful attempt to secure pro bono counsel for Richards. But nothing about Richards' amended complaint is inconsonant with the Ninth Circuit standard. Therefore, Richards' motion(s) to amend shall be granted.

CONCLUSION

The defendants' motion to strike at docket No. 39 is **DENIED.** The plaintiff's motions to amend at docket Nos. 50 and 56 are **GRANTED,** and the plaintiff's motion to amend at docket No. 37 is **GRANTED** as being incorporated into the motion at docket Nos. 50 and 56. The plaintiff's motion for clarification at docket No. 57 is **DENIED** as moot.

DATED this <u>2nd</u> day of March, 2006, at Anchorage, Alaska.


/S/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge