**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| LEE R. RICHARDS,<br><br>             Plaintiff,<br>vs.<br><br>ROGER HUGHES et al.,<br><br>             Defendants. | A05-0004 CV (TMB)<br><br>**RECOMMENDATION**<br>**DEFENDANT GREATHOUSE'S**<br>**MOTION TO DISMISS**<br>**PLAINTIFF'S COMPLAINT**<br><br>(Docket No. 8) |

The court has now before it a motion by defendant Dr. Greathouse seeking dismissal of the plaintiff's (Lee R. Richards') complaint. (Docket No. 8). The motion is made pursuant to Fed. R. Civ. P. 12(b)(6) and is made on the grounds that Mr. Richards failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997(e). Said motion is opposed by Richards at docket No. 13. Greathouse filed a reply at docket No. 14 and original signature pages to affidavits at Nos. 9, 15 and 17. Additionally, Greathouse filed a second affidavit in support of her motion to dismiss at docket No. 16. Richards moved to "dismiss the affidavit of Timothy Lyden" (which was attached to Greathouse's reply) at docket No. 18. That filing is properly deemed a motion to strike said affidavit. The motion was joined by the other defendants, namely, Roger Hughes and Roger Hale. (Docket No. 28). Notably, the court recently granted Richards' motion(s) to amend his complaint. (Docket No. 63). This is of no

1

consequence to the disposition of the motion at hand. Consideration of this motion was delayed due to the court's efforts to secure pro bono counsel for Mr. Richards. Ultimately, that effort was unsuccessful. For the reasons that follow, the motion to dismiss should be granted.

Richards brought suit alleging that the defendants were deliberately indifferent to his medical needs. Specifically he claims that they failed to treat injuries to his right shoulder and "rotator socket". It is his contention that the defendants' failures constituted cruel and unusual punishment under the Eighth Amendment to the United States Constitution. The Eighth Amendment is indeed the correct basis for a claim based on deliberate indifference to serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 104 (1976).

42 U.S.C. § 1997(e)(a) provides:

(a) APPLICABILITY OF ADMINISTRATIVE REMEDIES.

No action shall be brought with respect to any prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

In the instant case, the defendants contend that Richards did not exhaust his administrative remedies. They have submitted a very thorough explanation of the administrative remedies which were available to Richards and all persons incarcerated by the Alaska Department of Corrections. It is clear that this prisoner grievance policy set out in the Policy and Procedure (P&P) at P&P 808.03 is quite complete.

Mr. Richards does not dispute that he did not follow the pertinent procedures. Instead, he contends that his efforts to exhaust would have been futile because of the failure of the procedures to provide for a meaningful remedy, and the law library to which he had access was inadequate. As the defendants correctly state, the Supreme Court instructs that futility is not an exception to § 1997(e)'s exhaustion

requirement. *Booth v. Churner,* 532 U.S. 731, 741 n.6 (2001). Nothing in Richards pleadings or briefing, including his allegations concerning the law library, lends any support to the notion that this rule is not applicable to his case. Additionally, Richards motion to strike the affidavit of Timothy Lyden is simply without merit. It serves to buttress the affidavits of Sgt. McGinty, and together they show a highly detailed and widely utilized grievance procedure. Mr. Richards failed to follow that procedure and his case should therefore be dismissed.

## CONCLUSION

For the foregoing reasons is hereby recommended that defendant Greathouse's motion to dismiss at docket No. 8 as joined in by defendants Hughes and Hale should be **GRANTED** and this case should be dismissed. The "plaintiffs motion to dismiss" [strike] the affidavit of Timothy Lyden at docket No. 18 is **DENIED**.

DATED this 9th day of March, 2006, at Anchorage, Alaska.


/S/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge


Pursuant to Federal Rule of Civil Procedure 72(b), a party seeking to object to this proposed finding and recommendation shall file written objections with the Clerk of Court no later than **the close of business on March 27, 2006**. The failure to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal. McCall v. Andrus, 628 F.2d 1185, 1187-1189 (9th Cir.), cert. denied, 450 U.S. 996 (1981). The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation United States v. Howell, 231 F.3d 615 (9th Cir. 2000). Objections and responses shall not exceed **five (5) pages** in length, and shall not merely reargue positions presented in motion papers.

Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support. Response(s) to the objections shall be filed **no later than the close of business on April 6, 2006**.

Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the district court's judgment. See <u>Hilliard v. Kincheloe</u>, 796 F.2d 308 (9th Cir. 1986).