IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LEE R. RICHARDS,<br><br>      Plaintiff,<br><br> vs.<br><br>ROGER HUGHES, et al.,<br><br>      Defendants. | Case No. 3:05-cv-0004-TMB-JDR<br><br>O R D E R |

  Before the Court is Defendants' motion to dismiss for failure to exhaust administrative remedies. Docket Nos. 8 (Mot.); 28 (Joinder); 13 (Opp'n); 14 (Reply). The Honorable John D. Roberts, to whom this matter was initially referred, recommends that the motion be granted. Docket Nos. 66 (Initial R&R); 70 (Final R&R). The Court agrees with Judge Roberts's conclusion, but is concerned that Richards did not receive the notice required in the Ninth Circuit. The Court will therefore defer a ruling on the motion to dismiss, and offers the following guidance.

  Where a party moves to dismiss based upon failure to state a claim, matters outside the pleadings may be presented, and the motion is <u>treated as a motion for summary judgment</u>.[1] This motion may present facts that are not disputed and argue that these facts entitle the moving party to judgment as a matter of law, without a trial. Richards is, therefore, advised[2] that Federal Rule of Civil Procedure 56 sets forth the requirements for opposing a motion for summary judgment. Federal Rule of Civil Procedure 56 states in relevant part:

---

[1] *See* FED. R. CIV. P. 12(b)(6).

[2] *See SEC v. Nite*, 207 F.3d 1134, 1135-36 (9th Cir. 2000) ("pro se prisoners are entitled to fair notice of the requirements of the summary judgment rule"); *Rand v. Rowland*, 154 F.3d 952, 960-62 & app. A (9th Cir. 1998) (en banc), *cert. denied*, 119 S.Ct. 2392 (1999) (model notice); *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

1

>...**© Motion and Proceedings Thereon.** The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.
>
>...**(e) Form of Affidavits; Further Testimony; Defense Required.** Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.
>
>...**(g) Affidavits Made in Bad Faith.** Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused the other party to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.

Although the actual text of Federal Rule of Civil Procedure 56 controls in any dispute as to its interpretation, the Court provides the following brief explanation of the Rule's requirements:

To oppose the motion, Richards must provide the Court with evidence supporting his claims. Under Federal Rule of Civil Procedure 56(e), Richards may provide the following types of proof:

1. Richards may file and serve, upon the Court and opposing counsel, one or more affidavits or declarations setting forth facts that Richards believes will prove his claims. Any person signing an affidavit or declaration must have personal knowledge of the facts stated. At the end of a declaration or affidavit, the document must state "I declare under penalty of perjury that the foregoing is true and correct" and be signed by the individual who has the personal knowledge. Any declarations or affidavits that are unsigned will <u>not</u> be considered;

ORDER

2. Richards may submit copies of documents <u>so long as</u> he provides proof that the records are what he claims they are (i.e., Richards must declare under penalty of perjury that the documents are true and correct copies, and must specify where he got the documents); and

3. Richards may rely upon all or part of the transcript of a deposition, answers to interrogatories, or admissions obtained in this proceeding.

To successfully oppose the motion, Richards must set forth information in declarations, affidavits, and other documents which, when viewed together with his declarations, affidavits, and other documents convinces the Court that his claims should go to trial.

In rare cases, if a party has good reason why facts are not available to him when required to oppose a motion for summary judgment, the Court <u>may</u> consider a request to postpone ruling on a motion for summary judgment. To support a request for postponement, the party must provide the court and opposing counsel with an affidavit or declaration (signed under penalty of perjury) setting forth the reasons the facts are unavailable and how the party expects the facts to support his or her claims.

Finally, the Court notes that there is <u>no</u> right to an oral hearing on a motion to dismiss or for summary judgment. Under Local Rule 7.1(I), the Court has the discretion to rule on the papers filed, without oral argument. If the Court decides to hear oral argument, the Court has the discretion to order that the hearing be conducted telephonically rather than in person.

This notice shall constitute the only such notice from the Court concerning the motion to dismiss or for summary judgment. The Court will not be providing any further information regarding the interpretation of Federal Rule of Civil Procedure 56, and cannot entertain unsolicited inquiries about the applicable rules of procedure.

**IT IS THEREFORE ORDERED:**

Should Richards deem it necessary to file a different opposition after reviewing this notice, he may so file **on or before May 5, 2006.** Defendants may respond **on or before May 12, 2006.** Any filing shall come directly to this Court, rather than to Judge Roberts. If nothing is filed by that date,

ORDER

the Court will rule on Defendants' motion to dismiss based on the arguments Richards submitted in his first opposition.

Dated at Anchorage, Alaska, this 19 day of April 2006.

          /s/ Timothy M. Burgess
          **TIMOTHY M. BURGESS**
          United States District Judge

ORDER