LEE ROY RICHARDS pro se
PALMER CORRECTIONAL CT.
BOX 919
PALMER, ALASKA 99645-0919

RECEIVED
JUN 14 2006
CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT ANCHORAGE

LEE R. RICHARDS pro se           )
                                 )
      PLAINTIFF,                 )
                                 )
      v.                         )
                                 )
ROGER HUGHES et al               )
                                 )
      DEFENDANTS,                )
                                 )  CASE NO. A05-0004 CV (JWS) TMB

OPPOSITION TO MAGISTRATE'S RECOMMEDATION
AND IN REPLY TO COURT'S ORDER DATED THE 29th OF MARCH, 2006
FOR FAILURE TO EXHAUST ADMINISTRATIVE REMIDIES

The States motion to Dismiss, Relies entirely on the affidavit of Sgt. McGinty that Plaintiff made no attempts at Informal Resoution presumably prior to initating his Grievance.

However, Plaintiff is submitting DOC Records/Copies of informal Resolution attempts through submission of requests for interviews and medical care, the only Avenues available.

Additionally, DOC does not allow Medical Grievances, has no "Tort Claim" procedure available to prisoners, and will not award Monetary Claims, The remedy requested by Plaintiff.

When Plaintiff filed his Opposition he argued the lack of Legal Materials. However, pro se filings are to be construed Liberally, Futhermore, Civil Rule 56 allows a party to Supplement RICHARDS v. HUGHES et al, In Case No. A05-0004 CV (JWS)

Page 1 of 3

1
2  the record prior to summery Judgement.
3      At this time Plaintiff Submits DOC Records Documents, his
4  Informal Attempts at Resolution prior to Initationg the Grievance,
5  and after, to no avail.
6      Plaintiff's Submissions at this time clearly show that he
   did attempt Informal resolution, this counterdicts the States
7  only arguement on Exhaustion of remidies as supported in Sgt
8  McGinty's affidavit.
9      The Defendants have the Burden of raising and proving
10 Failure to Exhaust under **P.L.R.A. Ngo V. Woodford 403 F.3d**
11 **620, 625 (9th Cir. 2006)**
12 like **Ngo**, the Defendants here fail to specify which remidies
13 remain available to this Plaintiff following Sgt. McGinty's
14 decision and Plaintiff's futile attempts at informal resolution.
15     Plaintiff's submissions also show that there is a triable
16 issue as to Plaintiff's injury and his Complaint.
17     There is case law which state's that **P.L.R.A. Exhaustion**
18 **of Remidies is not required** when the requested remidy is monitory,
19 and no such remidy is available through Exhaustion of
20 Administrative Remidies.
21     **Rumbles V. Hill , 182 F.3d 1064, 1069 (9th Cir 1999)**
22          **certiorari denied, 528 US 1074 (2000)**
23     Although this Plaintiff believes and argues that this
   excuses him from the need to Exhaust remidies for his monitary
24 claim, he does not rely on this Legal Argument.
25

RICHARDS   V.   HUGHES et al , In Case No. A05-0004 CV. (JWS)

Page 2 of 3

PALMER CORRECTIONAL CT.
bOX 919
Palmer, Alaska 99645-0919

Plaintiff has Exhausted every available stage of Administrative remidy available to him.

Likewise he has demonstrated a Triable issue on the merits of his Claims. It is well established that the Courts have a decided preferance to resolve a case on its merits.

For these reasons, this plaintiff respecfully requests that the defendants motion to dismiss should be denied and the issues should proceed to trial on its merits.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

Dated this 27th Day of April, 2006 at Palmer, Correctional Ct.

*[signature]* Lee R. Richards pro se
Lee R. Richards pro se
Palmer Correctional Ct.
Box 919
Palmer, Alaska 99645-0919

I Lee R. Richards Declair under Penility of Purjury that the forgoing is true and correct.

*[signature]* Lee R. Richards pro se
Lee R. Richards pro se

I CERTIFY THAT A COPY OF THE ABOVE OPPOSITION WAS MAILED POSTAGE PAID TO MARILYN J. KAMM (ASST. ATT. GEN.) JUNEAU

*[signature]* Lee R. Richards pro se
LEE R. RICHARDS pro se

RICHARDS    V. HUGHES et al   , In Case No. A05-0004 CV (JWS)