RECEIVED
JUN 1 4 2006
CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

LEE ROY RICHARDS pro se
PALMER CORRECTIONAL CT.
BOX 919
PALMER, ALASKA 99645-0919

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA AT ANCHORAGE

LEE ROY RICHARDS           )
                           )
        PLAINTIFF,         )
                           )
    vs.                    )
                           )
ROGER HUGHES et al         )
                           )
        DEFENDANT,         )
_____)  CASE NO. A05-0004 CV. (JWS) TMB

## CASE SUMMERY

Comes now LEE ROY RICHARDS, pro se litigent in his own right and mind states as follows that this is a summery of all cop-outs along with Case Law pertaining to this case.

That on February 15, 2003 I was transferred to Palmer Correctional Ct. as it is a larger facility. While being processed into the facility, I was asked questions by Corra, the nurse on duty at that time. In questioning I emphasized that I was injured at the time of my arrest and that my SHOULDER AND BACK were in pain, and that my BACK was out of alignment.

On 4/23/03 I submitted a cop-out to medical stating that I had BACK problems and wanted to find out how bad the problem was. I did not receive the cop-out back at that time, but was called to Medical and discussed my

RICHARDS V. HUGHES et al
   1 of 8

1  BACK problem.
2  SEE: Exhibit B-8.
3      On 7/28/03 I submitted another cop-out to medical,
4  stating that I had PAIN IN MY SHOULDER AND BACK. I made
5  a statement that I needed an X-Ray, but what I ask was(IS
6  IT POSSIBLE TO GET AN X-RAY) This cop-out was not returned
7  to me at that time.
   SEE: Exhibit B-9.
8      On 8/12/03 I submitted another cop-out to Medical
9  asking when I was going to have X-Rays taken. And this
10 time the cop-out was returned to me and stated that I
11 will get the X-ray when I got it.
12 SEE: Exhibit B-10.
13     On 8/15/03 after coming back from Anchorage Jail
14 where the X-Rays were taken, I then submitted another
15 cop-out asking why I was given X-Rays of my SHOULDER
16 but none of my BACK.  The answer at the bottom of the
17 cop-out read. X-RAYS NOT ORDERED.
18 SEE: Exhibit B-11.
19     On 8/20/03 I submitted a Grievance pertaining to
20 my SHOULDER, MY BACK, THE TROOPER, and all of this was
21 handed back to me the next day.
   SEE: Exhibit B-12, B-13.
22     On the day that the Grievance was handed back to
23 me I was also handed a Grievance screening sheet that
24 stated that the issue grieved was not first handled informally.
25 RICHARDS V. HUGHES et al
       2 of 8

*PO Box 919*
*Palmer Correctional Center*
*Palmer, Alaska 99645-0919*

And which also stated that I needed to first be SEEN by P A Hale, he needs to order X-Rays if needed.

SEE: Exhibits B-8, B-9.

These two cop-outs should indicate that I made an effort to Exhaust my Administrative Remedies.

On 8/22/03 I submitted another cop-out asking for X-Rays of my BACK and explanation of the extent of damage to my Shoulder. The reply was that I had an old distal fracture. and am I requesting to be seen. I AM NOT HERE TO DO YOUR LEGAL WORK FOR YOU - ONLY TO DIAGNOSE AND TREAT MEDICAL ISSUES.

SEE: B-14

On 10/2/03 I submitted another copout to Medical explaining that the State Trooper DAMAGED MY SHOULDER AND BACK and that I would like to get the damaged fixed. So I ask if I had to get a Lawyer, as at that time I was still not sentenced. The reply was that, YOUR THREATS ARE DULY NOTED AND WILL BE ADDED TO YOUR MEDICAL FILE

SEE: Exhibit B-15

42 U.S.C.A. § 1983
PAGE 306   NOTE 844 CIVIL RIGHTS.

> To reach constitutional dimensions, deprivation of medical carefor prisoners must be intentional, so inadequate as to amount to refusal of medical care, or be based upon deliberate indifference to his condition.

PINION V. STATE OF WIS., D. C. WIS. 1973, 368 F. Supp. 608

On 10/7/03 another cop-out was submitted that stated that I would like to speek to someone about my SHOULDER AND BACK AND THE PAIN THAT I"M HAVING. I stated that this was a legitimate problem that I'm having with my SHOULDER AND BACK. Response was, SEEN TODAY.

RICHARDS V. HUGHES et al
   3 of 8

1　SEE: Exhibit, B-16.

2
3　　　　　　In <u>ESTELLE V. GAMBLE,</u> 429 U.S. 97, id 104, 97 S.Ct. 285,
　　　　　　　　　　　　　　50 L.ED. 2d 251 (1976).

4　　　The Supreme Court held that "Deliberate Indifference to serious
　　medical needs of prisoners constitutes the unnecessary and wanton
5　　infliction of pain."<u>proscribed</u> by the <u>EIGHTH</u> <u>AMENDMENT</u>. This is
　　true whether the indifference is manifested by prison doctors
6　　in their response to the prisoner's needs or by prison guards
　　in intentionally denying or delaying access to medical care or intentionally
　　interfering with the treatment once prescribed. Regardless of how evidenced,
7　　deliberate indifference to a prisoner's serious illness or injury states
　　a cause of action under § 1983.

8
　　　　　On 11/4/03 Submitted another cop-out, this time asking
9
　　if it was possible for me to have an MRI taken to see if
10
　　there was any DAMAGE TO THE SHOULDER OR BACK. Their response
11
　　was that I would have to try Physical Therapy first. If
12
　　that did not work then other measures can be taken.
13　SEE: Exhibit B-17.

14　　　　　On 11/16/03 I submitted another cop-out while at Mat-
15
　　su pre-trial asking to be sent back to Palmer Correctional
16
　　to continue trying to get the Medical that would repair
17
　　the damage that was done to me when I was arrested. I ask
18
　　at that time if I was being denied proper medical and the
19
　　Response was that I have to have Physical Therapy .
20　SEE: Exhibit B-18.

21　　　　　On 1/18/04 another cop-out was submitted asking if
22
　　anything was being planed to <u>take care of the problem with</u>
23
　　<u>MY SHOULDER AND BACK</u> and that there was a burning feeling
24
　　in my SHOULDER AND MY BACK WAS STILL HURTING. (The reply
25
　　was that) "quote" You are due a follow up with DR. Greathouse
　　RICHARDS V. HUGHES et al
　　　　4 of 8

PO Box 919
Palmer Correctional Center
Palmer, Alaska 99645-0919

on 1/20/04. Please come when called this time.//// I went to the shift Office and asked if I was called to the Medical and the Officer said that I was not called at that time. SEE: Exhibit B-19.

On 2/18/04 I submitted another cop-out to Medical stating that ( <u>I WAS SENTENCED TO 6½ YEARS ON THE 13th OF FEBRUARY</u>) And could I get my(SHOULDER AND BACK CHECKED OUT) I would like to see if we could come up with a solution to the pain and the problem that I'M having. /////answer/ TRIAGED In other words I was SEEN IN THE MEDICAL OFFICE AND WAS NOT GIVEN A RETURN COP-OUT. I WAS SEEN BY NURSE CORRA. SEE: Exhibit B-20.

On 3/4/04 I submitted another request for medical, at that time I explained that I had been arrested by(TROOPER TERRY) and during the arrest the TROOPER DAMAGED MY SHOULDER AND BACK DURING THE ARREST, one of the times before I was told that I had to be sentenced before I could get Proper Medical Attention. I stated that, QUOTE/// I"M SENTENCED, I WOULD LIKE AN MRI, I WANT THIS FIXED.

> Detainees awaiting trial are afforded constitutional protection against medical mistreatment under due process clause; county has a firm duty to provide persons in its custody with medical care system that meets minimal standard of adequacy.
> HOLMES V. SHEAHAN 930 F.2d 1196.

> Pre-trial detainee's Right under EIGHTH and FOURTEENTH AMEND. are denied by Deliberate Indifference to his serious medical needs, just as Indifference denies corresponding Right of convicted prisoner.
> MOLTON V. CLEVELAND 839 F.2d 240. (1988).

> Pre-trial detainee is entitled to reasonable medical care unless failure to provide it is reasonably related to legitimate governmental objective.
> VAN CLEAVE V. UNITED STATES, 854 F.2d 82 TEX (1988)

RICHARDS V. HUGHES et al

5 of 8

PO Box 919
Palmer Correctional Center
Palmer, Alaska 99645-0919

medical reply on the request was that I had been(SEEN and discussed with the inmate and was awaiting approval.
SEE: Exhibit B-21.

On 3/21/04 I submitted another cop=out to medical pertaining to the SHOULDER AND BACK and asked if I was being denied proper medical, and that I would really like some answers.  ///// I received this cop-out back and it said that Central Office was called again and a message was left and that they hoped to hear back soon. THIS WAS ON 3/21/04 and I received the cop-out back on 3/31/04. This was the last cop-out that I had written to medical pertaining to my BACK AND SHOULDER; and also the last I herd from medical about the SUBJECT OF ANY KIND OF MEDICAL ATTENTION ABOUT MY INJURYS.

By and through all of these cop-outs you can see that I have tried to make an honest effort to Exhaust all possible remedies, but when the medical only gives you back certain cop-outs that they want you to have you can-not properly Grieve an issue so you do the best that you can with what you have. There-fore I feel that I have EXHAUSTED ALL OF MY REMEDIES.
SEE: Exhibit B-22.

ROCKY V. VITTORIE 813 F.2d 734.
2. ADMINISTRATIVE LAW AND PROCEDURE (KEY) 229
   CIVIL RIGHTS (KEY) 12.4
       Before district court may invoke exhaustion requirement of Civil Rights of Institutionalized Persons Act to require inmate to exhaust prison Administrative remedies prior to having his civil case herd in Federal Court, District Court must

RICHARDS V. HUGHES et al
    6 of 8

find that such action would be appropriate and in the interests of justice, and the administrative procedures must be certified by the United States Attorney General or District Court to be in compliance with the statutorily defined minimum standards.
CIVIL RIGHTS OF INSTITUTIONALIZED PERSONS ACT, § 7(a)(1,2)(b), 42 U.S.C.A § 1997e (a))1,2),(b): 42 U.S.C.A. § 1983.

6. ADMINISTRATIVE LAW AND PROCEDURE  (KEY) 229

CIVIL RIGHTS (KEY) 12.4

Congress did not intend to bar from Federal Courts Prisoners who had reasonably and in good faith, but unsuccessfully, attempted to Exhaust Administrative Remidies, through Exhaustion Requirements of the Civil Rights of Institutionalized Persons Act.
CIVIL RIGHTS OF INSTITUTIONIZED PERSONS ACT, § 7, 42 U.S.C.A. § 1997e; 42 U.S.C.A. § 1983.

**EXHIBIT B-48**   You will see that A Cop-out was submitted to the Medical department in regards to my Medical Records, and in response the medical Department pointed me in the direction of Durena Shaefer at Centrail Office Records.

**EXHIBIT B-49**   Showes that I sent to Mr. Benjamin Whipple (ATTORNEY) at 481 West Arctic Avenue, Palmer, Alaska 99645, A records release form authorizing the Department of Corrections to Release to Mr. Benjamin Whipple (any and all Medical Records and Cop-out relating to Medical) This was Dated on the 26th of March, 2004.

This Exhibit was Noterized on the 31st of March 2004.

**EXHIBIT B-50**   Shows that the **Health Information Management Office, 1400 East Forth Avenue, Anchorage, Alaska 99501.** (Phone 907-269-4245)
                                                              (Fax: 907-269-4244)
Mailed to Mr. Benjamin Whipple 46 pages of Medical Records on the 7th day of April 2004.

In closing I would like to state that to this day I still have had **Absolutly no Medical Attention Relating to my Back Injury** that I have tried to bring to there Attention.

LEE R. RICHARDS pro se
PALMER CORRECTIONAL CT.
BOX 919
PLAMER, ALASKA  99645-0919

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA   AT ANCHORAGE

| | |
|---|---|
| LEE R. RICHARDS pro se ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| V. ) | |
| ) | |
| ROGER HUGHES et al ) | |
| ) | |
| DEFENDANTS, ) | |
| ) | CASE NO A05-0004 CV. (JWS) |

NOTICE OF FILING ORIGINAL SIGNATURE PAGE

Comes now Lee R. Richards pro se of record, and hereby gives notice that he is filing the orignal signature page of his case summery.

Dated this 7th Day of may, 2006 at Palmer Correctional Ct.

_____
LEE R. RICHARDS pro se
PALMER CORRECTIONAL CT.
BOX 919
PALMER, ALASKA 99645-0919

I CERTIFY THAT A TRUE COPY OF THE
NOTICE OF FILING THE ORIGINAL SIGNATURE
PAGE WAS SENT POSTAGE PAID TO
MARILYN J. KAMM (ASST. ATT. GEN) JUNEAU
ON THE 7th DAY OF MAY, 2006.

_____
LEE R. RICHARDS pro se

RICHARDS V. HUGHES et al   CASE NO. A05-0004 CV (JWS)

THE COURT RECOGNIZED IN ESTELLE:

An inmate must rely on prison Authorities to treat his Medical needs; if the Authorities fail to do so, those needs will not be met. **429 U.S.., AT 103** In light of this the Court held that the State has a **Constitutional Obligation**, under the **EIGHTH AMENDMET**, TO PROVIDE Adequite Medical care to those whom it has Incarcerated. ID., at 104

FURTHER YOUR AFFIANT SAYETH NAUGHT.

*Lee R. Richards pro se*
Palmer Correctional Ct.
Box 919
Palmer, Alaska 99645-0919

I declare under penalty of purjury that the forgoing is true and correct.

*Lee R. Richards pro se*
Palmer Correctional Ct.
Box 919
Palmer, Alaska 99645-0919

I certify that a true copy of the above summery was mailed, postage paid to Marilyn J. Kamm (Asst. Att. Gen) Juneau

*Lee R. Richards pro se*

Subscribed and sworn to before me this ___ day of ___ 2006,

SIGNATURE OF NOTARY PUBLIC

My Commission Expires, 3/19/68

RICHARDS V. HUGHES et al Case No. A05-0004 CV. (JWS)